FILED
SUPERIOR COURT
OF GUAM

2020 APR 24 PM 4: 30

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SAING KUI KIM,<br><br>               Plaintiff,<br><br>   vs.<br><br>JAEUN KATHY YU,<br><br>               Defendant. | DOMESTIC CASE NO. DM0472-18<br><br>**ORDER DENYING<br>MOTION FOR CONTEMPT** |

This matter came before the Honorable Vernon P. Perez on Defendant Jaeun Kathy Yu's ("Defendant") Motion for Order to Show Cause, and Plaintiff Saing Kui Kim's ("Defendant") Counter-Motion to Terminate Spousal Support. Plaintiff is to pay monthly spousal support to Defendant in the amount of $3,500,[1] *pendente lite.* (Order Granting Modification of Spousal Support, Oct. 15, 2019). Both parties were also ordered to submit updated financial records on the tenth of each month until this matter goes to Bench Trial. *Id.* On December 10, 2019, December 13, 2019, and January 9, 2020, the Court heard sworn testimony from both parties regarding the issues set forth in the Motions, specifically (1) whether Plaintiff should be held in contempt for his failure to make monthly spousal support payments of $3,500 and (2) whether the temporary spousal support payments should end.

"The elements of contempt are generally: 1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order." *Lamb v.*

---

[1] This amount was reduced by the Court from the initial temporary spousal support order of $7,500. *See* Order Granting Modification of Spousal Support, Oct. 15, 2019.

*Kim v. Yu*
Case No. DM0472-18
Order

*Hoffman*, 2008 Guam 2 ¶ 44 (citing *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15). "[W]here the order is a family law order for payment of support or attorney fees, and the family law court has already determined the alleged contemner's ability to pay the underlying order, ability to comply with the order is not an element of the contempt. Instead, the inability to pay is an affirmative defense." *Id.* at ¶ 45. Defendant carries the burden of showing that he does not have the ability to pay. *Id.*

Here, there is no dispute that there is a valid order and that Plaintiff had knowledge of the order. What is disputed is whether Plaintiff had the ability to comply with the order and whether he willfully failed to comply with such order. The current order for temporary spousal support directs Plaintiff to make monthly payments of $3,500 to Defendant as of August 2019. Since then, Plaintiff has made only one full payment of $3,500.00 -- in August 2019. Plaintiff paid Defendant $1,000 in September 2019; $500 in October; and two payments of $500 in December 2019. No payment was made in November 2019. Plaintiff argues that he is unable to pay the $3,500 monthly spousal support and has incurred loans to prevent him from being incarcerated for contempt. Plaintiff's monthly financial records submitted to the Court also support Plaintiff's argument that he is unable to pay the monthly amount of $3,500. The Court, however, notes that part of Plaintiff's inability to pay is due to a $1,000 monthly car loan payment for a brand-new Lexus vehicle. The Court finds that this amount is excessive, and therefore orders Plaintiff to continue to pay at the minimum, $500 in monthly spousal support. This does not excuse any arrears Plaintiff owes up until the issuance of this Order, and the Court admonishes Plaintiff for choosing to make reduced payments or no payments at all on his own.

Both parties have testified that they have health concerns. Defendant has received and continues to receive chemotherapy treatment for cancer in Korea, and Plaintiff has testified that he has delayed his medical treatment because of the divorce proceedings. At the January 9, 2020 hearing, Defendant indicated her last chemo treatment was at the end of the month. Defendant has not indicated to the Court what specifically her monthly expenses are at this time, except for the fact that she spent approximately $30,000 for surgery and pays $1,200 for each treatment received (eight treatments needed in total). Both parties have taken out loans during the course

*Kim v. Yu*
Case No. DM0472-18
Order

of the separation and accuse each other of mismanaging of funds and the laundromat properties. As the Court has previously informed the parties, there is still the possibility of using of a receivership to handle all income generated from both laundromats to ensure proper accounting. The issue of whether the MTM Building is separate or community property will be addressed at Bench Trial.

The Court will not hold Defendant in contempt for the non-payment of spousal support at this time and DENIES Plaintiff's Motion for Order to Show Cause. The Court reserves, however, on the issue of arrears for the months of Defendant's non-payment or incomplete payment of spousal support, to be addressed at Bench Trial. Plaintiff's Counter-Motion for Termination of Spousal Support is DENIED. The spousal support payments shall not be terminated at this time; however, Plaintiff shall pay a reduced amount of $500 in monthly spousal support, *pendente lite,* commencing May 2020. Further Proceedings will be set upon the reopening of the Guam Judicial Center to the public.[2] At the Further Proceedings, counsel should be prepared to set trial dates. The parties shall continue to submit to the Court updated financial records on the 10th of each month until this matter goes to Bench Trial.

**IT IS SO ORDERED** this 24th day of April, 2020.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

---

[2] Because of public health concerns arising from the COVID-19 (coronavirus pandemic), *I Maga'hågan Guåhan* has issued several executive orders to stem the spread of the virus: Executive Order No. 2020-03, declaring a State of Emergency; Executive Order No. 2020-04, closing non-essential government operations through March 30, 2020; Executive Order No. 2020-05, prohibiting public gatherings and mandating social isolation; Executive Order No. 2020-06, extending the suspension of non-essential government offices by an additional fourteen days; and Executive Order No. 2020-09, extending the public health emergency until May 5, 2020. Pursuant to these orders, the Supreme Court of Guam issued Administrative Order No. ADM20-210, closing the Judiciary of Guam for all but essential services until March 30, 2020; Administrative Order No. ADM20-214, extending the closure until April 15, 2020; and Administrative Order No. ADM20-220, further extending the closure until May 6, 2020.

*Kim v. Yu*
Case No. DM0472-18
Order